## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

TERRANCE ALFONZO DUDLEY,

                    Plaintiff,

v.

EDDIE MILES, TOM ROY, PAIGE LEMAY,
JOSEPH LANGEVIN, ADAM LYNCH,
ROSEMARY ANDREWS, JOHN RATCLIFFE,
JOHN WING, CRAIG S. OSELAND, RICK
RAVEN, LCIE STEVENSON, JO EARHART,
SHANNON REIMANN, MATTHEW
PETERSON, DAN GRZYWINSKI, MICHELLE
HALLMAN, MR. GULLETTE and FRANK
BARR,

                    Defendants.

Civil No. 13-2737 (DSD/JJG)


**REPORT AND
RECOMMENDATION**

---

This matter is presently before the Court for consideration of three motions recently filed by Plaintiff – (1) a motion for appointment of counsel, (2) a motion "requesting to proceed on an appeal," and (3) a motion "requesting stayed petition." (Docket Nos. 12, 13, and 14.)   For the reasons discussed below, the Court will recommend that Plaintiff's pending motions be denied, and that this action be summarily dismissed without prejudice.

Plaintiff commenced this action in October 2013, by filing a self-styled civil complaint and an application to proceed in forma pauperis, ("IFP").   Plaintiff did not sign his original IFP application, and the case languished until February 2014, when he finally filed an amended IFP application that was signed.   The Court then reviewed Plaintiff's submissions, and found that his complaint was defective in several critical respects. Therefore, in March 2014, Plaintiff was ordered to file an amended complaint if he

intended to continue to prosecute this action.   (Docket No. 10.)   The Court clearly informed Plaintiff that if he did not file a new and proper pleading by April 21, 2014, he would be deemed to have abandoned this action, and it would be recommended that this case be summarily dismissed without prejudice.

The deadline for filing an amended complaint has now passed, and Plaintiff has not filed any new pleading.   Instead, he has filed only the three collateral motions that are now before the Court.

A.   Motion for Appointment of Counsel

In Plaintiff's initial motion, he asks the Court to appoint counsel to represent him in this action.   Plaintiff contends that he should have a court-appointed lawyer, because he has an "IQ below average," "very little knowledge of the law," and unspecified "learning disabilities."   ("Motion Requesting Representation," [Docket No. 12], p. 1.)   Plaintiff's request for appointment of counsel might be more viable, if there were some reason to believe that he might actually possess some meritorious claim for relief.   However, nothing in Plaintiff's submissions suggests that he could successfully maintain a cause of action against the named Defendants, even if he had an attorney to assist him.   See Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984) ("once the court is satisfied that plaintiff has alleged a valid prima facie claim, then further inquiry should be made as to need" for appointment of counsel).   Based on the current record, it does not appear that appointment of counsel would be helpful to Plaintiff or the Court. See id. ("[t]he court should also determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel").   Therefore, Plaintiff's motion for appointment of counsel should be denied.

B.   Motion to Proceed on Appeal

Plaintiff has also filed an anomalous motion asking the Court to grant him leave to appeal.   This motion is premature, because no appealable order or judgment has been entered in this case.   The motion also is unnecessary, because Plaintiff does not need leave of court to file an appeal, after an appealable order or judgment has been entered. Therefore, Plaintiff motion to proceed on appeal should be denied without prejudice.

C.   Motion for Stay

Finally, Plaintiff has filed a motion asking to have this case stayed.   Plaintiff avers that he has not been able to comply with the Court's order requiring him to file an amended pleading, because he has been on supervised release from prison.[1]   However, this case has now been pending for more than seven months, and it is unclear how long the case might continue to molder if a stay were granted.   More importantly, Plaintiff has provided no reason to think that he might eventually be able to file an acceptable pleading, if this action were stayed.   Therefore, Plaintiff's motion for a stay also should be denied.

The deadline by which Plaintiff was required to file an amended complaint has expired, and Plaintiff has not yet filed a new pleading.   Moreover, it does not appear that Plaintiff will file a new and acceptable complaint at any time in the foreseeable future. Therefore, the Court will now recommend, in accordance with the last preceding order in this case, that this action should be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).   See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an

---

[1]   It appears that Plaintiff recently has been returned to prison, presumably for violating the conditions of his supervised release.

action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Plaintiff's applications to proceed in forma pauperis, (Docket Nos. 2 and 6), be **DENIED**;

2.    Plaintiff's motion for appointment of counsel, (Docket No. 12), be **DENIED**;

3.    Plaintiff's "motion requesting to proceed on an appeal," (Docket No. 13), be **DENIED WITHOUT PREJUDICE**;

4.    Plaintiff's "motion requesting stayed petition," (Docket No. 14), be **DENIED**; and

5.    This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:   May 14, 2014              __s/ Jeanne J. Graham_____
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 4, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.